# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
PAUL D. LUCAS,                    )
                                  )
     Plaintiff,                   )
                                  )
     v.                           )     2:21-CV-68
                                  )
PAUL GEORGE,                      )
ANGELA ELLIOT, and                )
KEVIN JONES,                      )
in their individual               )
capacities,                       )
                                  )
     Defendants.                  )
```

### ORDER

Before the Court are motions to dismiss Plaintiff Paul Lucas's second amended complaint filed by Defendants Paul George, Angela Elliot, and Kevin Jones. Dkt. Nos. 26, 27. For the reasons discussed below, the Court will not reach the merits of Defendants' motions, and this case is **REMANDED** to the Superior Court of Glynn County, Georgia.

Plaintiff initiated this case in Glynn County Superior Court, asserting a number of state law and constitutional claims. Dkt. No. 1-1 at 4. Defendants removed the action to federal court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Dkt. No. 1 ¶ 3. Thereafter, and pursuant to the Court's order to remedy his shotgun pleading, Plaintiff filed an amended complaint,

asserting both federal and state law claims. Dkt. No. 16. Then, after being served with a motion to dismiss under Rule 12(b), Plaintiff filed a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Dkt. No. 25. Therein, Plaintiff asserts state law claims for false statements and writings/concealment of facts, false arrest and false imprisonment, and vicarious liability. See id. Plaintiff asserts no federal claim.

"'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (quoting 28 U.S.C. § 1447(c)). "This provision is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." Id. (citing Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 87-89 (1991); Smith v. Wis. Dep't of Agric., Trade & Consumer Prot., 23 F.3d 1134, 1139 (7th Cir. 1994); Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (section 1447(c) is mandatory); Bromwell v. Mich. Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997) (same); Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Human Servs., 876 F.2d 1051, 1054 (1st Cir. 1989) (same)). "Moreover, a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending

before the court." Id. at 411 (citing Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 220 (5th Cir. 1998) (holding that district court should have considered motion to remand for lack of subject matter jurisdiction before it addressed motion to dismiss for want of personal jurisdiction); Toumajian v. Frailey, 135 F.3d 648, 655 (9th Cir. 1998) (holding that district court should have remanded for lack of subject matter jurisdiction and should not have dismissed on grounds of ERISA preemption); Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995) (per curiam) (holding that district court had no jurisdiction to order interim costs and attorneys' fees where action should have been immediately remanded for lack of subject matter jurisdiction); Smith, 23 F.3d at 1139 (holding that district court had no authority to dismiss removed claim without subject matter jurisdiction); In re Bear River Drainage Dist., 267 F.2d 849, 851 (10th Cir. 1959) (holding that motion to remand for lack of subject matter jurisdiction necessarily precedes motion to dismiss); Nichols v. Se. Health Plan of Ala., Inc., 859 F. Supp. 553, 559 (S.D. Ala. 1993) (same)).

With Plaintiff's second amended complaint containing no federal claims, this Court lacks federal-question subject matter jurisdiction over this case. Nor does it appear on the face of the second amended complaint that the Court has subject matter jurisdiction based on diversity. See Dkt. No. 25; 28 U.S.C. § 1332 (setting forth diversity-of-citizenship and amount-in-controversy

3

requirements).

Having found neither a basis for federal question jurisdiction nor diversity jurisdiction, 28 U.S.C. § 1331 & 1332, the Court concludes that it lacks subject matter jurisdiction to decide this action.  Accordingly, this case must be **REMANDED** to the Superior Court of Glynn County.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 16th day of August, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA